## E. M. GAIENNIÉ et als. *v.* SECOND MUNICIPALITY OF NEW ORLEANS.

Question of prescription—Decision in the case of *Remy* v. *The City of New Orleans*, 11 Annual, affirmed.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Bonford*, for plaintiffs. *Roselius* and *Livingston*, for defendant and appellant.

LEA, J. The plaintiffs claim a portion of the batture in this city, under a sale from *Jean Gravier*, dated in May, 1799. The act of transfer purported to convey (up to the river line) the whole of the lot which is the basis of the riparian rights claimed in this case.

The defendant relies upon the act of donation and compromise between the Mayor, Aldermen and inhabitants of New Orleans, *Edward Livingston*, and the supposed front proprietors of that portion of the city within which the property in dispute is situated. The testamentary executor of the succession of the late *Manette St. Amand*, has intervened in the suit, and joining the defendant, avers that after the death of *Pierre Labatut*, viz, in 1812, the original lot alleged by the plaintiff to have belonged to him, the batture of which forms the object of their claim, was sold at public sale, and bought by the vendors of his testator, and was sold in such a manner as to transfer all further rights of accretion with the lot itself. The original title of the plaintiff, viz: the sale from *Jean Gravier*, is recognized in the act of compromise, and indeed forms a part of the title under which the defendant claims ; and any outstanding title to the property in dispute in the succession of *St. Amand* is disposed of by the decree of the court, dismissing the intervention of the representative of *St. Amand's* succession, from which judgment no appeal has been taken. We have searched the record in vain for any act of sale divesting the succession of *Pierre Labatut* of its title to the original lot, which is the basis of the riparian rights set up by the plaintiffs in this case.

The only issue, therefore, for solution is, whether the plea of prescription is available or not, and this question, we think, is controled by the recent decision in the case of *Remy* v. *The City of New Orleans*. The possession of the property in dispute by the city, was not of that character which can constitute a proper basis for the plea of prescription.

The judgment appealed from, however, decrees that the property in dispute shall be delivered to the plaintiffs and possession given thereof. There

is no evidence showing that the property in dispute is not required for the uses of commerce. The plaintiffs' right of property should be recognized, but their right to be put in possession, should be restricted to such portion of the same as may be shown not to be requisite for the purposes of commerce.

Judgment amended.

It is ordered, adjudged and decreed, that the judgment of the court below be amended, and that there be judgment in favor of the plaintiffs and against the defendant, the city of New Orleans, decreeing that said plaintiffs be recognized to be the true and lawful owners of the property claimed by them in their petition, viz, the batture, alluvion, or increase formed in front of a lot of ground purchased by *Pierre Labatut* from *Jean. Gravier*, on the 4th day of May, 1799, and of all the future increase in front of said piece or parcel of ground; said lot of ground being situated in the faubourg St. Mary, lately part of the Second Municipality of the city of New Orleans, having 60 feet front on the river, by a depth of 160 feet between parallel lines, the exact position of said property being more particularly fixed by the plan annexed to the petition of the plaintiffs herein, and included in the space designated by the letters A. B. C. and D. on said plan, reserving to the city of New Orleans the possession, for the purposes of administration, of such portion of the property in dispute as may be subject to the servitude established by existing laws on land fronting on the Mississippi river, within the limits of the city of New Orleans. It is further ordered, that the petition of intervention of *E. J. Bernard*, testamentary executor of *Manette St. Amand*, herein filed, be dismissed, and that the defendant pay the costs in the District Court, and the plaintiffs the costs of this appeal.